UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHERYL MAYO THOMAS** | * | **CIVIL ACTION NO:** |
|     **Plaintiff** | * | |
| | * | **SECTION** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **WRIGHT NATIONAL FLOOD INSURANCE** | * | **MAGISTRATE** |
| **COMPANY** *formerly known as* **FIDELITY** | * | |
| **NATIONAL PROPERTY** | * | |
| **AND CASUALTY INSURANCE** | * | |
| **COMPANY, or FIDELITY NATIONAL** | * | |
| **INDEMNITY INSURANCE COMPANY,** | * | |
|     **Defendant** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT**

NOW COMES CHERYL THOMAS plaintiff, who moves this Court into the following cause of action against WRIGHT NATIONAL FLOOD INSURANCE COMPANY *formerly known as* FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, and/or FIDELITY NATIONAL INDEMNITY INSURANCE COMPANY (hereinafter referred to as "Fidelity Insurance Co"), in the above named action for the reasons enumerated in this Complaint:

### **I. JURISDICTION**

A).   Jurisdiction properly vests in this Court based upon the National Flood Insurance Act of 1968, 42 U.S.C. §4072 and the federal question jurisdiction of 28 U.S.C. §1331, for civil actions arising from the Constitution, laws, and statutes.

The petition Cheryl May Thomas, with respect represents as follows:

B).   The parties of controversy are as follows:

(1)   Made plaintiff is CHERYL MAYO THOMAS, an individual over the age of majority whose home and property was located at 5501 Wilton Dr., New Orleans, LA 70122.

(2)   Made defendant herein is WRIGHT NATIONAL FLOOD INSURANCE COMPANY, formerly known as FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY and/or FIDELITY NATIONAL INDEMNITY INSURANCE, a duly authorized foreign insurance company doing business in the State of Louisiana, headquartered in St. Petersburg, FL, and incorporated in the State of Florida who is upon information and belief authorized to issue and administer write-your-own flood policies pursuant to 44 C.F.R. §62.23.

C).   The policy of flood insurance was issued for the house owned by plaintiffs located at 5501 Wilton Dr., New Orleans, LA 70122, and thus, the United States District for the Eastern District of Louisiana becomes the proper court defined under the statutes to bring this hearing to address the federal question, where the cause of action arose in transactions emanating from the property located in proximity of the district court for subject and venue matter jurisdiction.

## II. SUMMARY OF FACTS

1.

On August 29, 2005, plaintiff, Cheryl Mayo Thomas, suffered severe damages to her home and property located at 5501 Wilton Dr., New Orleans, LA 70122, due to Hurricane Katrina.

2.

Prior to and during this his time, plaintiff, Cheryl Mayo Thomas, had secured a policy of flood insurance through Fidelity Insurance Co. with a policy number of 17 7700287311 01 covering the home located at 5501 Wilton Dr., New Orleans, LA 70122.

3.

On or around April 23, 2014, plaintiff, Cheryl Thomas, contracted with J.L. Moore Trucking, LLC d/b/a Moore & Moore Trucking to demolish her home located at 5501 Wilton Dr., New Orleans, LA 70122, pursuant to the National Flood Insurance Policy. (See ICC Demolition Agreement for a Residential/Commercial Structure, attached as Exhibit "A").

4.

Pursuant to the ICC Demolition Agreement for a Residential/Commercial Structure, Moore & Moore Trucking, acting as agent for plaintiff, proceeded with securing permits for the demolition of the property, and began to seek approval for payment by the flood insurance company and defendant herein, Fidelity Insurance Co.  Moore & Moore secured a Demo Permit Number 14-14642, which the City of New Orleans improperly dated May 8, 2014, the date the permit was applied for, not granted.

5.

In the process of proceeding with securing permits, on May 8, 2014, Moore & Moore Trucking applied for a Substantial Damage Assessment by the Chief Building Inspector for the City of New Orleans who after inspecting the property found that the cost to properly replace the damaged materials and repair the structure would constitute a substantial improvement, and that the elevation is below what is required by the 100 year base flood elevation, and that an elevation

3

certificate was required indicating the structure is below the current required flood elevation to qualify. The Substantial Damage Assessment was dated May 27, 2014 (Exhibit "B").

6.

On May 5, 2014, Moore & Moore Trucking secured the proper elevation certificate (Exhibit "C").

7.

On July 14, 2014, Fidelity Insurance Co. denied the claim (Exhibit "D") stating that

"In order to receive benefit from your ICC coverage your community must require you to demolish, construct or repair to meet increased floodplain management guidelines. The City of New Orleans Permit No. 14-14642 was issued for demolishing your residential structure on your property 05/08/2014. The substantial Damage Letter issued by The City of New Orleans referencing the 2005 loss is dated 5/27/2014. As such, the permit in and demolition took place prior to the letter forcing compliance. ICC guidelines require that a substantial damage letter be issued prior to obtaining the permit for construction. Unfortunately, Fidelity National Property and Casualty Insurance Company must respectfully deny this claim for ICC payment."

8.

On August 5, 2014, plaintiff disputed Fidelity's Insurance Co.'s decision to the Federal Insurance Administrator for FEMA (Exhibit "E") and provided FEMA with an updated Safety Permit that had a proper date of July 25, 2014, which retained the original Demo permit no. 14-14642-DEMO (Exhibit "F").

9.

On October 8, 2014, FEMA conducted a comprehensive assessment of the relevant claim information and provided that "based on the information provided, the ICC claim warrants re-evaluation, and requested that Fidelity re-examine the ICC claim since it has been determined

that the property requires compliance with Ordinance 22354 MCS of the City of New Orleans." (Exhibit "G").

**10.**

Upon information and belief, no further contact from Fidelity Insurance Co. has been received.

### III. CLAIMS FOR DAMAGES:

11.

Count I-   Plaintiffs seeks re-opening and approval of the ICC demolition claim by Fidelity Insurance Co., and to issue a Increased Cost of Compliance Proof of Loss.

Count II- Plaintiff seeks the entire balance of the $14,444..00 from defendant for failure to properly handle, process and disburse the funds for the ICC demolition pursuant to the National Flood Insurance Act of 1968, and federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B.

Count II-  The Court order such an award reasonable and customary for fees, commensurate with all litigation fees, court fees, attorneys fees as provided by law, and recoupment of all costs in bringing this action, as permitted by law.

### IV. RELIEF SOUGHT

12.

Plaintiff seeks awards on all counts of violations of federal law by Defendant and breach of contract causing damages to plaintiff, with damages in the amount of $14,444.00, plus all litigation fees, court fees, attorneys fees as provided by law, and recoupment of all costs in

bringing this action, as permitted by law for defendant's failure to properly process the flood insurance claim, issue the ICC Proof Of Loss, and pay the costs of the ICC demolition.

WHEREFORE, it is prayed that judgment be rendered in favor of CHERYL MAYO THOMAS against WRIGHT NATIONAL FLOOD INSURANCE COMPANY, formerly known as FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY and/or FIDELITY NATIONAL INDEMNITY INSURANCE in the amount of damages incurred by breach of insurance contract and for all other equitable relief including costs and attorney's fees as provided by law.

    Respectfully submitted,
Magee, Zeringue & Richardson, Attorneys

/s/ Zara Zeringue_____
ZARA ZERINGUE
Bar Roll No. 22901
207 E. Gibson Street
Covington, Louisiana 70434
Phone:  (985) 893-7550
Fax: (985) 893-7596
zara@wmageelaw.com